# Madden, Appellant, *v.* Moore.

*Election law—Primary elections—Practice, C. P.—Appeal from commissioners—Act of February 17, 1906, P. L. 36.*

1. The remedy for a refusal by county commissioners to grant a recount of votes cast at a primary election under the Act of February 17, 1906, P. L. 36, because, in the judgment of the commissioners, the petitioners had not stated any adequate reason for asserting that fraud had been committed and that the petition did not conform to the requirements of the act, is by appeal to the common pleas under the act and not by mandamus.

2. Under the act of February 17, 1906, the duties of commissioners are not merely ministerial, inasmuch as the act vests in them a discretion to determine, in the first instance, the sufficiency of the petition, both as to form and substance, and to reject an irregular or groundless application.

Argued March 22, 1910.    Appeal, No. 336, Jan. T., 1909, by plaintiff, from order of C. P. No. 5, Phila. Co., June T., 1909, No. 3,053, refusing a writ of mandamus in case of Joseph Madden v. Robert J. Moore, Harry D. Beaston and Frank J. Gorman, city commissioners. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for writ of mandamus. Before STAAKE, J.
The facts appear in the opinion of the Supreme Court.

*Error assigned* was decree of court.

*Vivian Frank Gable,* with him *Albert Smith Faught* and *J. Lawrence Wetherill,* for appellant.

*F. Shunk Brown,* of *Simpson & Brown,* for Robert J. Moore and Harry D. Beaston, appellees.

*Paul Reilly,* for Frank J. Gorman, appellee.

PER CURIAM, July 1, 1910:

This appeal is from an order refusing a writ of mandamus to require the county commissioners to open the ballot box of an election district and recount the votes cast at a primary election. Section 11 of the Act of February 17, 1906, P. L. 36, provides that upon petition of ten qualified electors, setting forth that fraud has been committed in any election district, "together with a statement of the reasons why such an assertion is made," it shall be the duty of the commissioners to open the ballot box and recount the votes and that: "Any person aggrieved by any decision of the county commissioners relative to the counting of the votes may appeal therefrom to the court of common pleas of the proper county whose duty it shall be to hear said appeal, and to make such decree as right and justice shall require."

It appears from the petition for a mandamus that the three commissioners met and considered the petition of the electors for a recount that had been filed in their office, and decided by a vote of two to one not to grant the prayer thereof. It appears from the return of the majority of the commissioners that they refused to count the votes because in their judgment the petitioners had not stated any adequate reason for asserting that fraud had been committed and that the petition did not conform to the requirements of the act of 1906. With the sufficiency of the petition and the return thereto we are now concerned only as it affects the remedy sought by mandamus.

The duty of the commissioners was not merely ministerial. The requirement of the act that the petition in addition to setting forth fraud shall contain a "statement of the reasons why such an assertion is made" vests in them a discretion to determine, in the first instance, the sufficiency of the petition, both as to form and substance and to reject an irregular or groundless application, otherwise a statement of the reasons would be objectless. Their decision dismissing the petition was a decision "relative to

the counting of the votes" from which an appeal to the court of common pleas is expressly given by the act of 1906. They did not refuse to perform a duty imposed by law to consider and decide. The ground of complaint is not that there was a failure to act but that a wrong conclusion was reached. The remedy for this was not by mandamus but the specific remedy provided by the act, by appeal to the common pleas.

The appeal is dismissed at the cost of the appellant.